IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-33-D

| | |
|---|---|
| CALVIN EARL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SEARS HOLDING MANAGEMENT ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

Calvin Earl Brown ("Brown" or "plaintiff") is a serial frivolous litigator.[1] On March 3, 2014, Brown filed an in forma pauperis ("IFP") application and proposed complaint. See [D.E. 1]. On March 6, 2014, the court denied Brown's IFP application. See [D.E. 4]. Brown appealed that denial, but lost. See [D.E. 6, 10]; Brown v. Sears Holding Mgmt. Corp., 602 F. App'x 928 (4th Cir. 2015) (per curiam) (unpublished); Brown v. Sears Holding Mgmt. Corp., 588 F. App'x 282 (4th Cir. 2014) (per curiam) (unpublished).

On June 30, 2015, Brown paid the filing fee and filed an amended complaint. See [D.E. 31, 32]. Brown sued Sears Holding Corporation d/b/a Kmart #7080 ("Kmart"), Steve Dooley, Rajenonakymr Patel, Jayesh Patel, and Thomas Colclough. See Am. Compl. [D.E. 32]. The

---

[1] See Brown v. EEOC, No. 4:12-CV-48-BO, 2012 U.S. Dist. LEXIS 91303 (E.D.N.C. July 2, 2012) (unpublished), dismissed, 506 F. App'x 224 (4th Cir. 2013) (per curiam) (unpublished); Brown v. EEOC, No. 4:05-CV-148-H, 2006 U.S. Dist. LEXIS 95560 (E.D.N.C. June 20, 2006) (unpublished), aff'd, 203 F. App'x 449 (4th Cir. 2006) (per curiam) (unpublished); Brown v. Pitt Cty. Schs., No. 4:00-CV-21-H4, 2000 WL 34464215 (E.D.N.C. Nov. 16, 2000) (unpublished), aff'd, 25 F. App'x 201 (4th Cir. 2002) (per curiam) (unpublished); Brown v. IRS, No. 4:97-CV-68-H2, 1997 U.S. Dist. LEXIS12869 (E.D.N.C. Aug. 6, 1997) (unpublished), aff'd, 134 F.3d 362 (4th Cir. 1998) (per curiam) (unpublished table decision); Brown v. Griffin, No. 4:96-CV-150-H (E.D.N.C. Jan. 17, 1997) (unpublished), aff'd, 112 F.3d 508 (4th Cir. 1997) (per curiam) (unpublished table decision).

amended complaint is difficult to understand, but purports to sue the defendants for (1) violating Brown's procedural due process rights under the Fifth and Fourteenth Amendments; (2) gender discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (3) age discrimination under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); (4) retaliation in violation of Title VII; and (5) common law misrepresentation for statements that defendants made during the EEOC investigation. See Am. Compl. Brown seeks compensatory and punitive damages. See id.

On July 27, 2015, Kmart moved to dismiss Brown's amended complaint for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction [D.E. 39] and filed a supporting memorandum [D.E. 40]. On July 31, 2015, Jayesh Patel filed a motion to dismiss [D.E. 43] and a supporting memorandum [D.E. 44]. On September 30, 2015, Colclough (who is the director of the Raleigh EEOC Area Office) moved to dismiss Brown's amended complaint for failure to state a claim upon which relief may be granted, for lack of subject-matter jurisdiction, and for failure to effect proper service [D.E. 55] and filed a supporting memorandum [D.E. 56]. Brown responded in opposition to all motions and sought summary judgment and a default judgment. See [D.E. 42, 46, 47, 48, 61]. As explained below, the court dismisses Brown's amended complaint and denies Brown's motions.

I.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus,

2

551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See, e.g., Iqbal, 556 U.S. at 678–79; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano, 521 F.3d at 302.

The EEOC issued Brown's right-to-sue notice on December 5, 2013 [D.E. 1-13]. Adding three days for receipt via mail, Brown is presumed to have received the notice on December 8, 2013. See Fed. R. Civ. P. 6(d); Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam); Dixon v. Dig. Equip. Corp., 976 F.2d 725 (4th Cir. 1992) (per curiam) (unpublished table decision); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). No record evidence rebuts this presumption. Thus, Brown had 90 days (or until March 8, 2014) to file suit under both Title VII and the ADEA. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); see also Kerr v. McDonald's Corp., 427 F.3d 947, 951–53 (11th Cir. 2005); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.4 (4th Cir. 2002); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). Brown, however, did not file his amended complaint until June 30, 2015 [D.E. 31, 32]. Thus, Brown's Title VII and ADEA claims are time-barred. See Baldwin Cty. Welcome Ctr., 466 U.S. at 149–51; Smith v. J.B. Hunt Transp., Inc., 47 F. App'x 670, 670 (4th Cir. 2002) (per curiam) (unpublished); Bryant, 288 F.3d at 132 n.4; Davis, 180 F.3d at 628 n.3; Houdeshell v. Artery Prop. Mgmt., Inc., 107 F.3d 866 (4th Cir. 1997) (per curiam) (unpublished table decision); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); Harvey, 813 F.2d at 653–54.

In opposition to this conclusion, Brown notes that he filed his IFP application and proposed complaint on March 3, 2014. The IFP application tolled the statute of limitations until the court

3

ruled on it. See, e.g., Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994). On March 6, 2014, this court denied the IFP application [D.E. 3], and the 90-day clock resumed running. See Truitt, 148 F.3d at 647–48; Williams-Guice, 45 F.3d at 164–65; Jarrett, 22 F.3d at 259–60. Although Brown's appeals tolled the 90-day clock, the clock resumed running when he lost those appeals. Brown therefore failed to meet the 90-day deadline. Furthermore, although the 90-day deadline is not jurisdictional,[2] nothing in the record warrants equitable tolling. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20, 27 (1989); Rouse v. Lee, 339 F.3d 238, 247 n.6 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Harvey, 813 F.2d at 654. Accordingly, Brown's Title VII and ADEA claims are untimely and are dismissed for failure to state a claim upon which relief can be granted.

Alternatively, Brown's Title VII and ADEA claims against the individual defendants fail to state a claim because the individual defendants were not his "employer" under Title VII or the ADEA. See, e.g., Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam) (unpublished); Fantini v. Salem State Coll., 557 F.3d 22, 29–31 (1st Cir. 2009); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998).

As for Brown's procedural due process claims against Kmart, Patel, Dooley, and Patel, the claims fail because Brown lacked a property interest in his job and Kmart, Patel, Dooley, and Patel are not state actors. See, e.g., Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013); Tri-County Paving Inc. v. Ashe Cty., 281 F.3d 430, 436 (4th Cir. 2002); Knight v. Vernon, 214 F.3d

---

[2] See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc).

4

544, 553 (4th Cir. 2000). As for Brown's common law misrepresentation claims against Kmart, Patel, Dooley, and Patel, the statements that each made to the EEOC during the EEOC investigation are privileged. See, e.g., Stockstill v. Shell Oil Co., 3 F.3d 868, 872 (5th Cir. 1993); Collins-Pearcy v. Mediterranean Shipping Co. (USA), 698 F. Supp. 2d 730, 765–66 (S.D. Tex. 2010); Bernstein v. Seeman, 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009). Thus, the claims fail.

As for Brown's claims against Colclough, the court lacks subject-matter jurisdiction over any claim against Colclough in his official capacity due to sovereign immunity. See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994); Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012); Storey v. Rubin, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997), aff'd, 144 F.3d 56 (11th Cir. 1998). Moreover, if Brown is suing Colclough in his individual capacity for deficiently investigating his Title VII and ADEA claims, Brown has failed to state a claim. See, e.g., Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 6 (2d Cir. 1997) (per curiam); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984); Georator Corp. v. EEOC, 592 F.2d 765, 767–68 (4th Cir. 1979). Finally, Brown has failed to plausibly allege a claim against Colclough under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

II.

In sum, defendants' motions to dismiss [D.E. 39, 43, 55] are GRANTED. Plaintiff's motions for default judgment and for summary judgment [D.E. 42, 46, 47, 48, 61] are DENIED. The clerk shall close the case.

SO ORDERED. This 7 day of December 2015.

JAMES C. DEVER III
Chief United States District Judge

5